IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 02-mj-07071-CBS

UNITED STATES OF AMERICA,

        Plaintiff,

v.

THOMAS BOYLE,

        Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER

Magistrate Judge Craig B. Shaffer

THIS MATTER comes before the court on Defendant Thomas Boyle's Motion to Reconsider Order Granting Motion for Modification of Order for Restitution Offset, filed on March 28, 2005. In an Order dated March 22, 2005, this court granted the government's Motion for Modification and required Defendant Boyle to provide restitution to Mary Jane Harris in the amount of $2,828.40. In my March 22, 2005 Order, I acknowledged Defendant Boyle's argument that a restitution order should be reduced to the extent that a defendant "has otherwise compensated the victim or victims for the pecuniary losses suffered." *See* Colo.Rev.Stat. § 18-1.3-603(3)(b). *See* Order Granting Motion for Modification, at 4. However, the court also noted that "[w]hile Defendant Boyle may have reached a financial settlement with Cheryl Harris and her husband, there is no evidence from which to conclude that those settlements also were intended to

compensate pecuniary losses suffered by Mary Jane Harris." *Id.*  Defendant Boyle's pending Motion to Reconsider Order invites the court to re-visit arguments previously raised by the parties.

While the court is not aware of any provision in the Federal Rules of Criminal Procedure that contemplates motions for reconsideration, I will presume that Defendant Boyle is relying on a line of cases recognizing a common-law remedy to "correct manifest errors of law or to present newly discovered evidence."  *See, e.g., United States v. LaHue*, 998 F. Supp. 1182, 1194 (D. Kan. 1998), *aff'd* 170 F.3d 1026 (10th Cir. 1999); *United States v. Schweibinz*, 1994 WL 129998, *1 (D. Kan. 1994).  As the Tenth Circuit has acknowledged,

> It is well-established that a motion for rehearing or reconsideration of an order in a criminal case that is filed within the permissible time period for appeal renders an otherwise final order of the district court nonfinal until disposition of the motion.

*United States v. Corey*, 999 F.2d 493, 494-95 (10th Cir. 1993), *cert. denied*, 510 U.S. 1001 (1993).  Defendant Boyle's motion is timely.

However, a motion to reconsider does not provide a losing party with a second chance to "make its strongest case or to dress up arguments that previously failed."  *United States v. Schweibinz*, 1994 WL 129998, at *1 n.1.  That admonition applies equally to Defendant Boyle's Motion to Reconsider.  Defendant Boyle offers no persuasive arguments that have not already been considered by the court.  "It would be fundamentally unfair to permit a party simply to add to or embellish upon arguments through the vehicle of a motion to reconsider."  *United States v. LaHue,* 998 F. Supp. at 1195.  The court has carefully considered the arguments advanced by Defendant Boyle and finds no manifest error of law or newly discovered evidence that would warrant reconsideration.  For the reasons set forth in my March 22, 2005 Order, I remain

convinced that restitution should be paid to Mary Jane Harris in the amount of $3,828.40.  *Cf. Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (a motion to reconsider is committed to the court's sound discretion).

ACCORDINGLY, Defendant Boyle's Motion to Reconsider Order Granting Motion for Modification of Order for Restitution Offset is DENIED.

DATED this 21st day of February, 2006.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge